No. 29,668.

F. C. Poole, as Administrator, etc., of the Estate of Charles M. Woody, Deceased, and P. H. Coney, *Appellants,* v. Josephine Woody, *Appellee.*

(294 Pac. 669.)

Opinion filed January 10, 1931.

*F. G. Drenning,* of Topeka, for the appellants.

*F. L. Loveless,* of Topeka, for the appellee.

The opinion of the court was delivered by

Burch, J.: Originally the action was one by Charles M. Woody against his son, Oscar B. Woody, and his son's wife, Josephine Woody. The relief prayed for was cancellation of a deed to defendants of lots in Topeka, executed by plaintiff and to become effective at his death. The consideration for the deed was that defendants would care and provide for plaintiff during his lifetime. Before trial, Charles M. Woody died, leaving a will, which was duly probated and which named P. H. Coney as sole devisee of the lots. The action was revived in the name of F. C. Poole, administrator with the will annexed, and P. H. Coney, as plaintiffs. Plaintiffs filed an amended petition. The answer prayed that title be decreed to be in defendants. Before final judgment was rendered, Oscar B. Woody died intestate, leaving as his sole heir his wife and codefendant, Josephine Woody, who, as indicated, was a grantee in the deed.

The court made findings of fact which tell a piteous story, which need not be repeated here. The court found that Josephine and Oscar Woody moved into the house on the lots, and performed the promised consideration for the deed until February 12, 1927,

when they justifiably withdrew from the premises. The court further found that after February 12, 1927, and until the death of Charles M. Woody on August 29, 1928, the grantees in the deed made no effort to care for the grantor. Because of nonperformance by the grantees, the court held the grantor died seized of the lots, which at his death passed to his devisee. While Josephine Woody does not formally appeal from this part of the judgment, she argues that she ought to have the lots. This court is of the opinion the judgment was correct.

The court made the following allowances to Josephine Woody:

"1. Painting and papering premises at 435 Shawnee avenue, by Iobe. $27.10
2. Repairing guttering, by Nelson.................................. 6.50
3. Electric light fixtures installed by Oscar B. Woody............ 25.00
4. Other repairs not named or itemized, by Josephine B. Woody.. 112.50
5. Taxes paid by Oscar B. Woody and Josephine Woody......... 257.90
6. Insurance paid by Oscar B. Woody and Josephine Woody...... 38.41
7. One-third of laundry bill..................................... 23.33
8. Board of Charles M. Woody at $5 per week for 56 weeks....... 280.00
9. One-third of fuel furnished by Oscar B. Woody............... 25.00
10. Care of Charles M. Woody by Josephine Woody in keeping and maintaining a home for him, December 5, 1925, to February 12, 1927, in addition to items above mentioned.............. 420.00
Total allowance for care and maintenance of Charles M. Woody from December 5, 1925, to February 12, 1927....$1,215.74"

The court charged Josephine Woody and her husband for rent for their occupancy of the lots from December 5, 1925, to February 12, 1927, at the rate of $15 per month, amounting to $210. This amount was deducted from the total allowance, and the remainder, $1,005.74, was made a lien on the lots. The judgment was that if that sum were not paid within thirty days, the lots should be sold to satisfy the lien. The value of the lots at the time judgment was rendered was found to be $1,400 or $1,500. The administrator and devisee appeal from this portion of the judgment, and contend certain of the allowances were not sustained by evidence.

The answer contained a bill of expenses and damages. One item was the following: "Paper and paint, repairs, etc., $150." Josephine Woody was able to prove but one item, Iobe's bill. To make up the remainder of the blanket charge of $150, she testified as follows:

"Q. What next did you do? Who else, now, put any repairs on the premises?
"Q. No one? A. No, sir.
"Q. That is all. You have testified fully to all repairs? A. Papering and redecorating and things like that.

"Q. Is that the whole amount? A. Yes, sir; at that time.

"Q. That is all the repairs? A. We did lots of work on the house ourselves.

"Q. What else? A. The painting and papering and repairs we did ourselves, with what Mr Iobe did, is $150.

"Q. You have given what Mr. Iobe did? A. Oh, yes; but with the painting and work we did would be $150."

Iobe's bill was $27.10. The difference between $150 and $27.10 is $122.90. The court reduced the amount to $112.50, item 4; "other repairs not named or itemized, by Josephine B. Woody, $112.50." The reason for the reduction is not disclosed by the evidence. Josephine Woody named painting and papering done by her and her husband. The finding excludes those named items. She also spoke of "lots of work on the house," "work we did," and "repairs." This court has no inkling of what a single item of these repairs was, or what a single item was worth, and it has all the information on the subject which the district court had. So far as judicial proof of value is concerned, unnamed and unitemized repairs are in the same category with "lots of work" and "work we did," that is, pure guess work for the purpose of conforming to an indefinite claim made in the answer. The allowance of item 4 in the sum of $112.50 is stricken out.

Plaintiffs claim a credit on item 5, taxes paid by Oscar and Josephine Woody. The testimony relating to the credit is too uncertain for this court to allow it.

A credit is claimed on item 6, insurance paid by Oscar and Josephine Woody. The claim is well founded, and the amount of that item is reduced from $38.41 to $18.60.

With respect to item 8, board at $5 per week, Josephine Woody testified the charge was for board and room at $20 per month, and there was no other evidence on that subject. Apparently the charge was for board and for a cold room for a man eighty-four years old, with a double rupture, and enfeebled in mind and body, since he was charged by the court in item 9 with one-third of the fuel bill for the house.

Item 10, keeping and maintaining a home for Charles M. Woody, was not separately mentioned or valued in the evidence, and there was no evidence by which that service could be valued. No charge was made or allowed for personal service, as for nursing or other special personal attention. No item for keeping and maintaining a

home for Charles M. Woody was pleaded in the answer or referred to by anybody in the testimony. Josephine Woody was keeping the home for her husband and herself, and there was no evidence authorizing the court to allow her substantially a dollar a day for keeping the same home for her husband's father, living with them, who was charged for his room, charged for fuel, charged for board, and charged for laundry. The item was a pure gratuity and is stricken out.

The cause is remanded to the district court, with direction to modify the judgment as indicated. As modified, the judgment is affirmed.